## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF NEW MEXICO

SUSAN R. BURNS,

      Plaintiff,

v.                                No. Civ. 08-713 LH/RHS

EVENTS & TRANSPORTATION ASSOCIATES,
INC., JACK LOTT and BRIAN CLARK,

      Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

On September 3, 2008, Defendants Events & Transportation Associates, Inc. ("ETA"), Jack Lott, and Brian Clark (collectively "Defendants") filed a Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue (Doc. 6). The Court, having considered the motion, pleadings, briefs, evidence, applicable law, and otherwise being fully advised, concludes that Defendants' motion to dismiss should be granted as to Defendant Jack Lott but denied as to Defendant Brian Clark and Defendant ETA.

## I.    BACKGROUND[1]

ETA is a company that provides transportation consulting services for special and major events. Aff. of Brian Clark (Doc. 7-2) ¶ 12. ETA is incorporated in the State of Washington, has no offices or facilities in New Mexico, and all corporate functions of ETA, such as insurance, payroll, and benefits for employees are carried out at its corporate headquarters in Washington. *See id.* ¶¶ 5-6, 11, 22.

---

[1]The following facts are taken from the complaint and the affidavits submitted by both parties. The facts are not materially in dispute concerning the jurisdiction and venue issues.

Brian Clark is the Chief Operating Officer of ETA and a resident of Colorado.  *Id.* ¶¶ 1-3.

He first approached Plaintiff, a resident of New Mexico, and personally offered her a position for

employment with ETA at the 2007 Balloon Festival in Albuquerque, New Mexico.  Aff. of Susan

R. Burns (Doc. 10) ¶¶ 2-3.  In early 2008, Melissa Jones, ETA's Director of Operations, contacted

Plaintiff by telephone in Albuquerque at which time they negotiated the terms of Plaintiff's

employment with ETA, including the days she was to work, payment for that work, and the per diem

ETA was to pay her.  *Id.* ¶ 4.  ETA contracted with Plaintiff to coordinate transportation services

and supervise transportation routes for Super Bowl XLII from January 30 to February 3, 2008,

culminating with the game between the New England Patriots and New York Giants on February

3, 2008, in Glendale, Arizona.  Clark Aff. ¶¶ 16-17; Burns Aff. ¶ 5.  Plaintiff was to dispatch cars

and shuttles from the Phoenician Hotel to various events, museums, clubs, malls, and restaurants.

Burns Aff. ¶ 5.  ETA also hired Plaintiff's husband, Nelson Burns, a resident of New Mexico, for

employment at Super Bowl XLII in Arizona.  *Id.* ¶¶ 8-10.

On February 2, 2008, Plaintiff fell and shattered her elbow exiting a leased transportation

van/shuttle bus at the Super Bowl while acting within the scope and course of her employment with

ETA.  *See* Clark Aff. ¶¶ 19-20; Compl. ¶ 7.  On August 1, 2008, Plaintiff filed a complaint for

damages against ETA, Brian Clark, and Jack Lott.  Compl. ¶¶ 2-3.  Jack Lott is the President and

Chief Executive Officer of ETA and is a resident of Washington.  Clark Aff. ¶¶ 7-9.  Plaintiff asserts

that Defendants are personally liable for the damages resulting from her injury because they did not

carry workers' compensation insurance to cover employees of ETA, such as Plaintiff.  *See* Compl.

¶¶ 9, 12-14.  She asserts in her complaint that "ETA routinely and systematically solicited business

and employees from and within the State of New Mexico" and that, when "ETA hired Plaintiff on

or about February 1, 2008, ETA knew that Plaintiff was a resident of Albuquerque, New Mexico."

*Id.* ¶¶ 5-6.  She alleges jurisdiction based on diversity of citizenship.  *Id.* ¶ 4.

## II.    STANDARD OF REVIEW

The personal jurisdiction requirement flows from the Due Process Clause of the Fifth

Amendment, protecting an individual's liberty interest in avoiding the burdens of litigating in an

unfair or unreasonable forum.  *See Peay v. BellSouth Med. Assistance Plan*, 205 F.3d 1206, 1210-11

(10th Cir. 2000).  Federal Rule of Civil Procedure 12(b)(2) allows a party to assert by motion the

defense of lack of personal jurisdiction.  Fed. R. Civ. P. 12(b)(2).  "The plaintiff bears the burden

of establishing personal jurisdiction over the defendant."  *Behagen v. Amateur Basketball Ass'n of

U.S.A.*, 744 F.2d 731, 733 (10th Cir. 1984).  Where no evidentiary hearing is held, a plaintiff only

needs to make a prima facie showing that personal jurisdiction exists.  *Cory v. Aztec Steel Bldg.,

Inc.*, 468 F.3d 1226, 1229 (10th Cir. 2006).  The court may consider all factual pleadings, as well

as affidavits and other evidence, but must resolve all factual disputes in the plaintiff's favor.  *See

Cory*, 468 F.3d at 1229; *Behagen*, 744 F.2d at 733; *Sunwest Silver, Inc. v. Int'l Connection, Inc.*, 4

F.Supp.2d 1284, 1285-86 (D.N.M. 1998).

Federal Rule of Civil Procedure 12(b)(3) permits a party to assert by motion the defense of

improper venue.  Fed. R. Civ. P. 12(b)(3).  There is a split in authority as to whether the plaintiff or

defendant bears the burden of proving venue, and this Court has found no decision by the Tenth

Circuit resolving the issue.  *See* 17 Moore's Federal Practice, § 110.01[5][c] (Matthew Bender 3d

ed.).  The Court need not resolve this question, however, because even assuming the burden is

Plaintiff's, she has met that burden here.

## III.   DISCUSSION

### A.    Personal Jurisdiction

"Federal courts sitting in diversity have personal jurisdiction over nonresident defendants

to the extent permitted by the law of the forum." *Benally on Behalf of Benally v. Amon Carter Museum of Western Art*, 858 F.2d 618, 621 (10th Cir. 1988). New Mexico's long-arm statute[2] uses a three-step test to decide if personal jurisdiction exists: (1) the defendant's act must be one of the five enumerated in the long-arm statute; (2) the plaintiff's cause of action must arise from the act; and (3) minimum contacts sufficient to satisfy due process must be established by the defendant's act. *See Tercero v. Roman Catholic Diocese of Norwich*, 2002-NMSC-018, ¶ 8, 132 N.M. 312. The reach of New Mexico's long-arm statute extends personal jurisdiction as far as constitutionally permissible. *F.D.I.C. v. Hiatt*, 117 N.M. 461, 463 (1994). Consequently, the analysis of the transaction of business requirement merges with the inquiry of whether such activities constitute minimum contacts sufficient to satisfy due process concerns. *See Tercero*, 2002-NMSC-018, ¶ 8. "However, 'this is true only if the cause of action arises from the particular transaction of business, and the minimum contacts were purposefully initiated by the defendant.'" *Id.* ¶ 10 (quoting *State Farm Mut. Ins. Co. v. Conyers*, 109 N.M. 243, 245 (1989)).

    In addition to showing that jurisdiction is legitimate under the laws of New Mexico, a

---

[2]New Mexico's long-arm statute, as relevant here, states:

A.  Any person, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts enumerated in this subsection thereby submits himself or his personal representative to the jurisdiction of the courts of this state as to any cause of action arising from:

        (1) the transaction of any business within this state; . . .

        (3) the commission of a tortious act within this state; . . .

C.  Only causes of action arising from acts enumerated in this section may be asserted against a defendant in an action in which jurisdiction is based upon this section.

NMSA § 38-1-16.

plaintiff must also show that the defendant had sufficient minimum contacts so as not to offend traditional notions of fair play and substantial justice. *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *TH Agric. & Nutrition, LLC v. Ace European Group Ltd.*, 488 F.3d 1282, 1286-87 (10th Cir. 2007).  The defendant's conduct and connection with the forum state must be such that she would reasonably anticipate being haled into court there.  *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

In analyzing personal jurisdiction, each defendant's contacts with the forum must be assessed individually.  *Calder v. Jones*, 465 U.S. 783, 790 (1984).  A corporation will be subject to jurisdiction if the acts of its agents and employees that are made within the course and scope of the agency or employment are sufficient to justify the exercise of jurisdiction.  *See Int'l Shoe*, 326 U.S. at 316-17.  Employees of a corporation that is subject to the court's jurisdiction may themselves be subject to jurisdiction if those employees were primary participants in the activities forming the basis of jurisdiction over the corporation.  *Application to Enforce Admin. Subpoenas Duces Tecum of S.E.C. v. Knowles*, 87 F.3d 413, 418 (10th Cir. 1996).

### 1.    Minimum contacts

The minimum contact requirement may be satisfied in two ways – through general or specific jurisdiction.  *See Trujillo v. Williams*, 465 F.3d 1210, 1218 & n.7 (10th Cir. 2006).  A court may maintain general jurisdiction when the defendant's contacts with the forum state are continuous and systematic.  *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415-16 (1984).  A court may exercise specific jurisdiction if a defendant has purposefully directed his activities at the residents of the forum and the lawsuit results from injuries arising out of or relating to those activities.  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985).  Not just any contact with the resident of a forum will establish minimum contacts with that forum; rather, the court must look

at the degree to which the defendant availed herself of the privileges of conducting business within the forum state, thus invoking the benefits and protections of the state's laws. *See Trujillo*, 465 F.3d at 1219 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). A single act can support jurisdiction, so long as it creates a substantial connection to the forum. *Burger King*, 471 U.S. at 475 n.18.

Plaintiff alleges in her complaint that ETA routinely and systematically solicited business and employees from New Mexico. She supported this allegation by stating in her affidavit that Defendant Clark personally offered her employment while in New Mexico, an ETA employee called her in New Mexico to negotiate the terms of her employment, and ETA also solicited her husband's employment.

Contrary to Defendants' argument, this is not a case where a contract standing alone is the sole basis for jurisdiction. Rather, Plaintiff has shown that Defendants purposefully directed their activities to a resident of New Mexico by soliciting her employment. The fact that Defendant Clark, representing ETA, personally offered Plaintiff the job while physically present in New Mexico weighs particularly strongly in support of personal jurisdiction and sets this case apart from those cases cited by Defendants. *See Burger King*, 471 U.S. at 476 (noting that "territorial presence frequently will enhance a potential defendant's affiliation with a State and reinforce the reasonable foreseeability of suit there"). The solicitation in New Mexico coupled with negotiating over the phone with Plaintiff in New Mexico are sufficient to give Defendants Clark and ETA notice that they could be haled into court in New Mexico for activities directly related to the terms of Plaintiff's employment. *Cf. Cronin v. Sierra Medical Center*, 2000-NMCA-082, ¶¶ 14-15, 129 N.M. 521 (holding that hospital was subject to personal jurisdiction in New Mexico, even though surgery took place in Texas, because hospital's advertisements targeted New Mexico residents).

This conclusion does not end the inquiry, however, because specific jurisdiction also requires that Plaintiff's cause of action arises out of or relates to Defendants' jurisdictional activities. *See Benally*, 858 F.2d at 623 (explaining that, for court to exercise personal jurisdiction, claim must lie in wake of defendant's jurisdictional activities). Plaintiff alleges damages arising out of the injury that occurred while she worked for ETA in Arizona, and she asserts that Defendants are personally liable because they did not carry workers' compensation insurance. Although the injury occurred outside New Mexico, whether or not ETA should have carried workers' compensation insurance relates to the nature of Plaintiff's employment, and those negotiations occurred in New Mexico. Plaintiff's cause of action thus lies in the wake of Defendant Clark's and ETA's employment negotiations that occurred in New Mexico. Consequently, Defendant Clark's and ETA's affirmative contacts with New Mexico are sufficient minimum contacts to support specific jurisdiction.

As to Defendant Lott, however, Plaintiff has not shown that he had any purposeful contact with New Mexico. His status as an officer of ETA is not sufficient in itself to convey jurisdiction over him, even though ETA is subject to the Court's jurisdiction. Although Plaintiff alleges that he "purposefully decided not to carry workers' compensation insurance for employees of ETA such as Plaintiff," Compl. ¶ 13, Plaintiff has not shown that this particular decision was made as part of the negotiations with Plaintiff that occurred in New Mexico. Plaintiff has simply not provided sufficient facts to show that Defendant Lott was a primary participant in the negotiations that form the basis of specific jurisdiction in this case. Nor has Plaintiff shown sufficient systematic and continuous contacts with New Mexico to support general jurisdiction. *Cf. Helicopteros*, 466 U.S. at 416-18 (holding that chief executive officer's one trip to Texas for contract-negotiation session, corporation's accepting checks drawn on Texas bank, and corporation's purchasing goods from Texas were insufficient to create general jurisdiction over foreign corporation). Accordingly, the

7

Court lacks personal jurisdiction over Defendant Lott.

### 2.      Fair play and substantial justice

The Court must also determine whether the assertion of personal jurisdiction over Defendants Clark and ETA comports with fair play and substantial justice. *See Burger King*, 471 U.S. at 476. This question turns on the reasonableness of exercising personal jurisdiction over the defendant. *TH Agric.*, 488 F.3d at 1287. The reasonableness inquiry evokes a sliding scale: the weaker the plaintiff's showing on minimum contacts, the less the defendant needs to show on unreasonableness. *Id.* In determining whether the exercise of jurisdiction would violate fair play and substantial justice, a court should examine the following factors: (1) the burden on the defendant; (2) the forum State's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the States in furthering fundamental substantive social policies. *Burger King*, 471 U.S. at 476-77.

In this case, the first factor weighs in favor of Defendants ETA and Clark because litigating this case in New Mexico would place a burden on them, as neither is a resident of New Mexico and ETA does not have any offices or facilities in New Mexico. This factor does not weigh strongly in their favor, however, because they have already shown an ability to travel to New Mexico to receive a service by the fact that they offered Plaintiff employment while in New Mexico. The second factor weighs in Plaintiff's favor, because New Mexico has an interest in adjudicating a dispute arising from injuries sustained by one of its residents. The third factor weighs slightly in Plaintiff's favor. Plaintiff clearly has an interest in obtaining convenient and effective relief, which would be best achieved for Plaintiff by litigating the case in New Mexico. Plaintiff, however, has shown an ability to travel to Arizona to work, and thus, she too could have expected to have to travel again

to an out-of-state forum for litigation arising from her travels.

The fourth factor examines whether the forum state is the most efficient place to litigate the dispute, which depends on the location of witnesses, where the wrong underlying the suit occurred, what forum's substantive law governs, and whether jurisdiction is necessary to avoid piecemeal litigation. *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1097 (10th Cir. 1998). Based on the Joint Status Report submitted by the parties (*see* Doc. 14), the potential witnesses reside in New Mexico, Colorado, Arizona, and Washington, so no one state is clearly a more convenient forum for witnesses than others. The underlying injury occurred in Arizona, but Defendant Clark is not a resident of Arizona and ETA's headquarters are in Washington and its operations office is in Colorado, so Arizona is not necessarily the most convenient forum for them either. Moreover, the wrong underlying the suit – the failure to obtain workers' compensation insurance – arguably occurred in Washington, where ETA's corporate functions are executed. However, the facts necessary to determine whether a wrong occurred are also tied to negotiations that occurred in New Mexico, so no one State clearly stands out for where the wrong underlying the suit occurred. As for what forum's law governs, the parties have not discussed what law is likely to apply, and thus this factor does not weigh in favor of a particular forum. Following entry of this order, should Plaintiff desire to pursue her claims against Defendant Lott personally, litigation in another forum might avoid piecemeal litigation, but it is not clear at this juncture that this factor is relevant. Because no one State is clearly a more efficient forum than the others, the fourth factor does not weigh definitively in favor of either party.

Finally, as to the fifth factor, the parties have not argued that exercising this Court's jurisdiction would affect the substantive social policy interest of other states. This fifth factor thus does not weigh in favor of either party.

9

Balancing the interests in this case shows that exercising jurisdiction in this forum comports with fair play and substantial justice and is not so unreasonable as to implicate due process concerns. New Mexico's interest in resolving suits involving its citizens and the fact that Defendant Clark offered Plaintiff a job on behalf of ETA while in New Mexico support exercising personal jurisdiction over Defendants Clark and ETA.

**B.     Venue**

In a diversity case, venue is proper in a judicial district (1) where any defendant resides, if all defendants reside in the same State, (2) in which a "substantial part of the events or omissions giving rise to the claim occurred," or (3) in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(a).  The statute contemplates that venue can be appropriate in more than one district. *See Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 356 (2d Cir. 2005) (construing virtually identical provisions in 28 U.S.C. § 1391(b)).  In regard to § 1391(a)(2), venue lies in a judicial district in which *significant* events or omissions material to the plaintiff's claim occurred, even if other material events occurred elsewhere.  *Id.* at 357.  Consequently, although venue is closely related to personal jurisdiction, the venue statute's "substantial part" test does not mirror the minimum contacts test employed in personal jurisdiction inquiries.  *Id.*

Plaintiff contends that venue is proper under § 1391(a)(1), because under § 1391(c), a corporate defendant is deemed in reside in any judicial district in which it is subject to personal jurisdiction at the time the suit is commenced.  Plaintiff's argument, however, ignores the second clause in § 1391(a)(1): "if all defendants reside in the same State."  The undisputed facts indicate that Defendant Clark resides in Colorado and Defendant Lott resides in Washington.  Even though Defendant Lott will be dismissed for lack of personal jurisdiction, venue is determined at the time

10

the complaint was filed, and thus his residence must be considered in the venue analysis despite his dismissal from the case. *See Horihan v. Hartford Ins. Co. of the Midwest*, 979 F.Supp. 1073, 1076 (E.D. Tex. 1997) (considering residence of defendant who was no longer party to lawsuit when construing § 1391(a)(1) because defendant was original party in suit). Moreover, even if Defendant Lott's residency were not considered, venue does not lie under § 1391(a)(1) because Defendant Clark is not a resident of New Mexico. Although Defendant Clark and ETA may both be deemed residents of Colorado, § 1391(a)(1) contemplates venue in a judicial district within the same state in which all defendants reside. *See*, *e.g.*, *Dashman v. Peter Letterese & Assoc., Inc.*, 999 F.Supp. 553, 554-55 (S.D.N.Y. 1998) (rejecting attempt by plaintiff to bring suit in New York against two defendants who both resided in Florida on basis that corporate defendant also resided in New York). Accordingly, § 1391(a)(1) does not apply here.

Nevertheless, the Court finds that venue is proper in this district under § 1391(a)(2). The question whether Defendants had a duty to carry workers' compensation insurance to cover Plaintiff involves the status of Plaintiff's relationship with ETA, *i.e.*, whether she was an employee under the applicable workers' compensation statute. *See* Defs.' Mem. Br. (Doc. 7) at 5 n.3 ("Defendants categorically deny that Plaintiff was an employee of [ETA] and they maintain the contention that Plaintiff was an independent contractor responsible for her own health insurance and, if applicable[,] her own workers' compensation insurance."). Determining Plaintiff's status will thus require examining the offer Defendant Clark made to Plaintiff in New Mexico and the negotiations that transpired between ETA and Plaintiff through telephone calls made to Plaintiff in New Mexico. Consequently, a substantial part of the events giving rise to the claims in this case occurred in New Mexico.

11

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue (Doc. 6) is **GRANTED** in part and **DENIED** in part as follows:

1. Defendants' motion to dismiss for lack of personal jurisdiction is **GRANTED** as to Defendant Jack Lott.

2. Defendants' motion to dismiss for lack of personal jurisdiction and venue is **DENIED** as to Defendant Clark and Defendant ETA.

3. Plaintiff's claims against Defendant Jack Lott are **DISMISSED WITHOUT PREJUDICE**.

_____

SENIOR UNITED STATES DISTRICT JUDGE

12