**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW MEXICO**

SUSAN R. BURNS,

    Plaintiff,

v.                                                               No. Civ. 08-713 LH/RHS

EVENTS & TRANSPORTATION ASSOCIATES,
INC., JACK LOTT and BRIAN CLARK,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the following motions: Defendants Events & Transportation Associates, Inc. ("ETA") and Brian Clark's Motion for Summary Judgment (Doc. 27); Plaintiff's Opposed Motion to file First Amended Complaint (Doc. 34); and Plaintiff's Motion to Strike Defendants' Motion for Summary Judgment (Doc. 47). The Court, having considered the motions, pleadings, briefs, evidence, applicable law, and otherwise being fully advised, concludes that Plaintiff's motion to strike should be denied, Defendant's motion for summary judgment should be granted, and Plaintiff's motion to amend should be granted in part and denied in part.

**I.**     **INTRODUCTION**[1]

ETA is a company incorporated in the State of Washington that provides transportation consulting services for special and major events. Brian Clark is the Chief Operating Officer of ETA and a resident of Colorado. He approached Plaintiff Susan Burns, a resident of New Mexico, in

---

[1]The facts in this section are taken from the complaint and affidavits submitted by the parties from the briefs concerning personal jurisdiction and are largely undisputed. (*See* Mem. Op. and Order (Doc. 17) at 1-2.) However, because these facts have not been supported by evidence in the summary judgment briefs, they are included merely to provide context for the parties' arguments and will not be relied upon in determining the motions.

New Mexico and offered her a position for employment with ETA. ETA's Director of Operations later contacted Plaintiff by telephone in Albuquerque at which time they negotiated the terms of Plaintiff's work with ETA and contracted with her to coordinate transportation services and supervise transportation routes for Super Bowl XLII from January 30 to February 3, 2008, culminating with the game between the New England Patriots and New York Giants on February 3, 2008, in Glendale, Arizona. Plaintiff was to dispatch cars and shuttles from the Phoenician Hotel to various events, museums, clubs, malls, and restaurants. On February 2, 2008, while performing her work for ETA, Plaintiff fell and shattered her elbow exiting a leased transportation shuttle bus at the Super Bowl.

## II. BACKGROUND

On August 1, 2008, Plaintiff filed a two-count complaint alleging that she was an employee of ETA and was injured on February 2, 2008, during the course and scope of her employment. (*See* Compl. (Doc. 1) ¶¶ 6-7.) In Count I, Plaintiff asserted that "Defendants did not carry workers' compensation insurance to cover employees such as Plaintiff, as a result of which Defendants are personally liable to Plaintiff for all damages sustained as a result of such injury." (*Id.* ¶ 9.) Plaintiff alleged in Count II that Defendant Clark knew or reasonably should have known that ETA did not provide workers' compensation insurance for its employees, such as Plaintiff, yet he purposefully decided not to carry workers' compensation insurance, even though that decision was not in the best interest of ETA and was ultra vires. (*Id.* ¶¶ 12-14.) Plaintiff thus asserted that Defendant Clark is personally liable for damages resulting from her injuries, including punitive damages. (*Id.* ¶ 15.)

On February 18, 2009, counsel for Defendants, Andrew Sanchez, notified Plaintiff's counsel, Jerrald Roehl, that his clients had made a mistake in giving notice of Plaintiff's accident to ETA's liability insurer, instead of its workers' compensation insurer. (Aff. of Jerrald J. Roehl (Doc. 33-2)

¶¶ 3-4.) Mr. Sanchez explained that if ETA's workers' compensation insurer did not assume the defense, he would file a third-party complaint to bring them into the case. (*Id.*) Because any depositions might have to be re-taken with the joinder of another party, counsel agreed to postpone the scheduled depositions. (*Id.* ¶¶ 5-6.)

On March 31, 2009, Defendants moved for summary judgment on both counts, arguing that they did, in fact, purchase workers' compensation insurance applicable to Plaintiff's claims, so Plaintiff cannot prove the essential fact underlying her claims. They also contend that, because they did have insurance, they are immune from suit under the provisions of the New Mexico Workers' Compensation Act ("the Act"), and thus, any on-the-job injury claim must be brought under the Act and before the New Mexico Workers' Compensation Administration ("NMWCA"). In support, Defendants provided a copy of the "Workers Compensation and Employers Liability Policy" issued by The Hartford to ETA for the policy period from December 15, 2007, to December 15, 2008. Although Defendants continue to assert that Plaintiff was an independent contractor responsible for her own insurance, and not an employee of ETA, they argue that this issue is not necessary for resolution of their motion for summary judgment; instead, that issue is only relevant to the question of insurance coverage between Plaintiff and ETA's workers' compensation insurer, The Hartford. In addition, Defendants assert that Defendant Clark must be dismissed with prejudice because, as a corporate officer, his alleged decision to not provide workers' compensation insurance was made within the scope and duties of his corporate employment, and thus, his actions or omissions constitute those of ETA for which he cannot be personally liable.

The same day Defendants filed their motion for summary judgment, they also filed a motion to stay discovery (Doc. 29) pending the Court's adjudication of the summary judgment motion. In response, Plaintiff argues that both motions should be denied because she needs additional discovery

to determine whether the purported workers' compensation insurance is applicable to her claims, whether she was an employee or independent contractor, and which substantive state law governs this case. Plaintiff offered no evidentiary support to refute Defendants' purported fact that it had purchased workers' compensation insurance; instead, Plaintiff argues that it had not been determined yet whether that insurance policy was, indeed, applicable to her claims, creating an issue of fact. Plaintiff also contends that, because she was injured in Arizona, it is not yet clear which state's workers compensation law governs this dispute. She does not, however, argue that Arizona, or any other particular state's, law applies or explain why the outcome would be different under Arizona or another state's law. Plaintiff asserts that her status as an employee or independent contractor is relevant, because if she were an employee, Defendants had a duty to report the incident to its workers' compensation carrier, and the failure to do so, would give rise to a negligence cause of action. Alternatively, she contends that, if she were an independent contractor, the Act would not apply and she could assert other legal theories. Although Plaintiff has no other claims in her complaint, she argues the Court should grant her leave to amend to add alternate claims, rather than grant summary judgment. She also asserts that summary judgment should not be granted until additional discovery is allowed on these issues. Finally, as to Defendant Clark, Plaintiff contends he should not be dismissed until she has an opportunity to conduct discovery.

      On April 29, 2009, Plaintiff filed an Opposed Motion to File First Amended Complaint (Doc. 34). She asserts the same claims in Counts I and II for failure to provide workers' compensation insurance. She seeks to add claims against Defendants for negligent failure to timely report her injury to any workers' compensation insurance carrier (Count III); negligent and fraudulent misrepresentation of the material fact that Plaintiff was an employee who would be covered by such benefits (Count IV); negligent failure to provide Plaintiff with adequate training for the tasks she

4

was employed to undertake and to properly supervise her (Count V); and negligent failure to provide a safe working environment (Count VI).

On May 8, 2009, the Honorable Robert H. Scott granted Defendants' motion to stay discovery until the immunity issue is resolved. (*See* Order (Doc. 40)).

By letter dated June 24, 2009, The Hartford notified the parties that there was no coverage because there was no active policy for the date of loss. (Pl.'s Mem. Br. in Supp. of her Mot. to Strike Defs.' Mot. for Summ. J., Ex. 1 (Doc. 48-2).) Mr. Roehl, in a letter dated June 26, 2009, informed Mr. Sanchez about the contents of The Hartford's June 24, 2009 letter and asked him to withdraw Defendants' motion for summary judgment due to the factual misrepresentation contained therein that Defendant ETA had workers' compensation insurance. (*Id.*, Ex. 2 (Doc. 48-3).) Mr. Sanchez responded to Mr. Roehl on June 30, 2009, relating that he had contacted The Hartford to inform it that it was mistaken that there was no active workers' compensation policy in effect at the time of Plaintiff's injury. (Defs.' Resp. in Opp. to Pl.'s Mot. to Strike, Ex. A (Doc. 49-2).) Mr. Sanchez stated that his clients believed the error was due to the fact that ETA does no business in New Mexico. (*Id.*) Subsequently, by letter dated July 1, 2009, The Hartford informed the parties that it was retracting its June 24, 2009 letter because there was "in fact an active workers' compensation coverage for the date of injury 2/2/08." (Pl.'s Mem. Br. in Supp. of her Mot. to Strike Defs.' Mot. for Summ. J., Ex. 3 (Doc. 48-4).) The letter further explained what documents The Hartford needed in order to determine what benefits may be due Plaintiff. (*Id.*)

On July 8, 2009, Plaintiff filed a Motion to Strike Defendants' Motion for Summary Judgment (Doc. 47). Plaintiff contends that, dispute the retraction, the contradictory letters dated June 24, 2009, and July 1, 2009, and the lack of explanation for the discrepancy indicate that the question of whether Plaintiff is actually covered by the policy remains undecided by The Hartford,

and thus a question of fact remains in the case. Plaintiff therefore requests an order striking Defendants' motion for summary judgment.

## III. ANALYSIS

### A. Plaintiff's Motion to Strike

Under Federal Rule of Civil Procedure 12(f), a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Rule 12(f), however, only applies to pleadings. *Id.* A summary judgment motion does not fall within Rule 7's definition of a pleading. *See* Fed. R. Civ. P. 7(a) (defining pleading as a complaint or third-party complaint; an answer to a complaint, counterclaim, crossclaim, or third-party complaint; and a reply to an answer, if the court orders one). The federal rules thus do not contemplate attacking a properly filed motion for summary judgment by a motion to strike. *See Searcy v. Soc. Sec. Admin.*, 956 F.2d 278, *2 (10th Cir. Mar. 2, 1992) (unpublished opinion) (affirming magistrate judge's recommendation that motion to strike motion to dismiss should be denied because "there is no provision in the Federal Rules of Civil Procedure for motions to strike motions and memoranda"); *Applied Capital, Inc. v. Gibson*, No. Civ 05-98 JB/ACT, 2007 WL 5685131, at *7 (D.N.M. Sept. 27, 2007) (unpublished opinion). The Court will therefore deny Plaintiff's motion to strike Defendants' motion for summary judgment.

Although Plaintiff's motion to strike is improper in its form, Plaintiff has attached to that motion letters which she alleges create an issue of fact as to whether a workers' compensation insurance policy was in effect at the time of her injury. To ensure that the motion for summary judgment is decided correctly on its merits, in ruling on that motion, the Court will consider the exhibits attached to Plaintiff's motion to strike and to Defendants' response to the motion to strike in determining whether an issue of fact exists or not.

6

### B. Defendants' Motion for Summary Judgment

#### 1. Standard

Summary judgment is appropriate only if "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Quaker State Minit-Lube, Inc. v. Fireman's Fund Ins. Co.*, 52 F.3d 1522, 1527 (10th Cir. 1995) (quoting Fed. R. Civ. P. 56(c)). "All facts and reasonable inferences must be construed in the light most favorable to the nonmoving party." *Id.* (internal quotations omitted). Under Rule 56(c), the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Rather, only disputes of facts that might affect the outcome of the case will properly preclude the entry of summary judgment. *Id.* at 248.

Initially, the moving party bears the burden of showing that no genuine issue of material fact exists. *Shapolia v. Los Alamos Nat'l Lab.*, 992 F.2d 1033, 1036 (10th Cir. 1993). Once the moving party meets its burden, the nonmoving party must show that genuine issues remain for trial. *Id.* The nonmoving party must go beyond the pleadings and by its own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. *See id.*; *Kaus v. Standard Ins. Co.*, 985 F.Supp. 1277, 1281 (D. Kan. 1997) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. *See Anderson*, 477 U.S. at 248.

#### 2. Analysis

Defendants contend that they are entitled to summary judgment because they are immune

from suit under the provisions of the Act. They also contend that Plaintiff has not established that Defendant ETA or Defendant Clark failed to purchase workers' compensation insurance and that Defendant Clark should be dismissed because his actions or omissions are those of Defendant ETA.

After reviewing the evidence, the Court finds that Defendants have proven that they carried a Workers Compensation and Employers Liability Policy for the policy period December 15, 2007, to December 15, 2008, to cover employees for bodily injury by accident. (*See* Defs.' Mot. for Summ. J., Ex. 2 at 1, 4 (Doc 28-3).) Plaintiff argues that the June 24, 2009 letter from The Hartford creates an issue of fact as to whether a policy was in place. The Hartford, however, upon being informed by Defendants that it was mistaken in its initial assessment, sent Defendants and Plaintiff's counsel another letter dated July 1, 2009, in which The Hartford retracted the June 24th letter and admitted that there was "in fact an active workers' compensation coverage for the date of injury 2/2/08." Given the retraction and the evidence of the policy itself, the June 24, 2009 letter is not sufficient evidence to show that there was no insurance in place at the time of the incident.

Defendants' alleged failure to carry workers' compensation insurance to cover employees such as Plaintiff is the sole basis for her claims in Counts I and II. Because the established facts show that ETA did, indeed, have a policy in place, there is not sufficient evidence favoring Plaintiff for a jury to return a verdict for her on Counts I and II. Plaintiff cannot prove an essential element of her claim, and therefore, Defendants are entitled to summary judgment on Counts I and II.

### C. Plaintiff's Motion to Amend

Granting summary judgment on Counts I and II does not resolve the case, however, because Plaintiff has requested leave to amend to add four new claims. Defendants object, arguing that amendment would cause undue delay and prejudice and is otherwise futile. They assert that Plaintiff is attempting to skirt the Court's anticipated ruling on the motion for summary judgment through

improper, contradictory factual allegations.

1. **Standard**

Dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006). A party may amend its pleading once as a matter of right within 21 days after serving it, or, if the pleading is one to which a responsive pleading is required, within 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1) (as amended, effective Dec. 1, 2009). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.*

The decision to grant leave is within the court's discretion. *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994). A court may deny leave to amend if granting the amendment would be futile. *Grossman v. Novell, Inc.*, 120 F.3d 1112, 1126 (10th Cir. 1997). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999). A court may properly deny a motion to amend when it appears that the plaintiff is using Rule 15 to make the complaint a moving target, to salvage a lost case by untimely suggestion of new theories of recovery, or to present theories seriatim in an effort to avoid dismissal. *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006).

2. **Analysis**

As an initial matter, the Court finds that the request to amend would not cause undue delay or prejudice. Plaintiff appears to have asserted the new claims in this case upon learning that

Defendant ETA did have a workers' compensation policy in place. Unlike the cases relied upon by Defendants, Plaintiff proposed the amendment in response to the discovery of new evidence. *Cf. Minter*, 451 F.3d at 1207 ("The plaintiff's attempt to assert a new claim in the pretrial order . . . was a response to these late disclosures . . . . Consequently, this case is distinguishable from those where courts denied leave to amend because the plaintiff was aware of all the information on which his proposed amended complaint was based prior to filing the original complaint.") (internal quotations omitted). Although Plaintiff filed the motion to amend after Defendants filed their summary judgment motion, both motions were filed early in the proceedings, and discovery has been stayed in this case since May 8, 2009. Consequently, any prejudice to Defendants is minimal.

With regard to futility, Defendants argue that Plaintiff cannot allege in good faith inconsistent claims that she is an employee and independent contractor in order to save her case from dismissal and to leverage The Hartford. As Defendants acknowledge, however, Rule 8 expressly permits, subject to Rule 11, alternative and inconsistent claims: "A party may set out two or more statements of a claim . . . alternatively or hypothetically . . . . If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient." Fed. R. Civ. P. 8(d)(2). Additionally, the rules permit a party to "state as many separate claims . . . as it has, regardless of consistency." Fed. R. Civ. P. 8(d)(3). Plaintiff has not asserted internally conflicting facts; rather, the issue is which theory those facts support. The Court has considered Plaintiff's affidavit in support of jurisdiction and finds that the facts therein do not preclude one theory or another. Plaintiff's belief that she was an employee does not preclude her from asserting an alternative claim that she was an independent contractor, as the Court might disagree with her legal conclusion. Such alternative pleading is permissible precisely because the rules recognize that a plaintiff may not be sure in advance upon which legal theory she will succeed. *See Cleveland v. Policy Mgmt. Sys.*

*Corp.*, 526 U.S. 795, 805 (1999). The Court will not deny amendment merely due to Plaintiff's assertion of inconsistent theories. Instead, the Court will examine each new count to determine whether each new claim would be subject to dismissal.[2]

        **a.**        **Adding Proposed Counts III, V, and VI would be Futile**

To state a claim for relief, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "This means that the plaintiff must allege enough factual matter, taken as true, to make his 'claim to relief . . . plausible on its face.'" *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974 (2007)). The Supreme Court has made clear that a pleading that offers mere "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s] devoid of further factual enhancement" does not meet Rule 8's notice pleading and will not survive a motion to dismiss. *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555, 557). Despite Rule 8's liberal notice pleading, a complaint must still contain either direct or inferential allegations respecting all the material elements necessary to recover on a cause of action. *See Bryson*, 534 F.3d at 1286. In multiple defendant cases, the plaintiff must make clear exactly who is alleged to have done what to whom in order to provide each defendant with fair notice as to the basis of the claims against him or her. *Smith v. United States*, 561 F.3d 1090, 1104 (10th Cir. 2009) (citing *Robbins v. Oklahoma*,

---

    [2]The Court agrees with Defendants that it would be improper to keep them in this case "for the sole purpose of resolving a potential and undetermined dispute between Plaintiff and Defendant ETA's workers' compensation insurer as to whether there is insurance coverage to the satisfaction of Plaintiff." (*See* Defs.' Resp. in Opp'n to Pl.'s Opposed Mot. to File First Am. Compl. (Doc. 43) at 3.) The Court, however, must first determine whether or not Plaintiff has legitimate independent claims against Defendants. If all Plaintiff's claims are futile, then the Court will not keep Defendants in the case merely to determine the insurance coverage issue.

519 F.3d 1242, 1249-50 (10th Cir. 2008)). In short, the complaint must "provide enough factual allegations for a court to infer potential victory." *Bryson*, 534 F.3d at 1286. Plaintiff's proposed amended complaint does not meet Rule 8's standard for Counts III, V, and VI.

In Count III, Plaintiff alleges that "Defendants ETA and Clark negligently failed to timely report the incident giving rise to this litigation to any workers' compensation insurance carrier that otherwise had a duty to compensat[e] Ms. Burns for her damages." (First Am. Compl. (Doc. 34-2) ¶ 17.) In order to prove a negligence claim, the plaintiff must show that the defendant owed her a duty and breached that duty. *See Chavez v. Desert Eagle Distrib. Co. of N.M.*, 2007-NMCA-018, ¶ 6, 141 N.M. 116. The amended complaint does not contain sufficient facts to determine what duty Defendants had to report the incident to their insurer or where that duty arose such that the Court can infer breach of a duty.³ Count III does not contain enough factual content to allow the Court to draw a reasonable inference that Defendants are liable for the misconduct alleged. Because the amended complaint fails to nudge the claim towards plausibility, it would be subject to dismissal, and thus amendment to add Count III is futile and will be denied.

Counts V and VI suffer from a similar flaw. Count V alleges merely that "Defendants negligently failed to provide Ms. Burns with adequate training for the tasks she was employed to undertake and to properly supervise her." (First Am. Compl. (Doc. 34-2) ¶ 27.) Likewise, Count VI contends that "Defendants negligently failed to provide Ms. Burns with a safe working environment." (*Id.* ¶ 30.) Plaintiff asserts no other facts to support these claims. There are no facts as to the tasks she was employed to undertake, the type of training that could have averted her

---

³Plaintiff cites N.M. Stat. Ann. § 52-1-28 in their brief. (*See* Pl.'s Resp. in Opp'n to Defs.' Mot. for Summ. J. (Doc. 33) at 5.) Section 52-1-28 creates a duty on the employer or insurer to notify the workers' compensation director of an accidental injury. It does not address the employer's duty to report an incident to its insurer, which is the factual basis of Count III.

injuries, or what made her working environment unsafe. There are too few facts contained in the pleading for the Court to determine that these claims are plausible. Counts V and VI are nothing more than formulaic recitations of the elements of two negligence theories. As the Supreme Court stated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949. Although Plaintiff argues that she needs discovery to develop her causes of action, she must have some facts, beyond mere conclusions, at the pleading stage to survive dismissal. *Id.* at 1950 ("Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."). Because Counts V and VI are too conclusory and bereft of factual support to survive a motion to dismiss, the Court will deny Plaintiff's request to amend her complaint to add these claims based on futility of amendment. *Cf. id.* at 1950-51 (dismissing complaint because its bare assertions were too conclusory to nudge claims across line from conceivable to plausible).[4]

### b. Count IV's Negligent Misrepresentation Claim is Not Futile, but its Fraudulent Misrepresentation Claim Is

To establish a claim for negligent misrepresentation, a plaintiff must show that (1) the defendant made a material misrepresentation of fact to the plaintiff, (2) the plaintiff relied upon the

---

[4]In her response to the summary judgment motion, Plaintiff argues that Defendant Clark should not be dismissed until she is able "to determine if Mr. Clark personally failed to timely notify the workers' compensation carrier; what his involvement may have been in hiring Ms. Burns, his involvement in training, his failure [to] creat[e] a safe work environment, or whether he may have personal liability for other reasons." (Pl.'s Resp. in Opp'n to Defs.' Mot. for Summ. J. (Doc. 33) at 9.) Plaintiff does not appear to have any facts at this time indicating that Defendant Clark failed to report the incident, to adequately train her, and/or to create a safe work environment; rather, she appears to be on a fishing expedition, hoping that discovery shows his involvement. Plaintiff has her burden backwards – she must have some basic facts at the pleading stage to sustain a claim against a defendant before being entitled to discovery.

representation, (3) the defendant knew the representation was false at the time it was made or made the representation recklessly, and (4) the defendant intended to induce the plaintiff to rely on the representation. *Healthsource, Inc. v. X-Ray Assoc. of New Mexico*, 2005-NMCA-097, ¶ 30, 138 N.M. 70. The elements of fraudulent misrepresentation are that the defendant made a misrepresentation of fact intentionally or with reckless disregard for the truth, with the intent to deceive and to induce the plaintiff to act upon it, and upon which the plaintiff actually and detrimentally relies. *Saylor v. Valles*, 2003-NMCA-037, ¶ 21, 133 N.M. 432.

Plaintiff contends in Count IV that Defendants misrepresented to her that she was an employee who would be entitled to their benefits such that she need not obtain her own insurance and that she relied on those misrepresentations to her detriment when she accepted employment and did not procure her own insurance. (First Am. Compl. (Doc. 34-2) ¶¶ 21-22.) Plaintiff additionally alleges that those representations were false and misleading and that "Defendants knew, or should have known, that their misrepresentations of material fact would induce Ms. Burns to pursue the course of conduct that she did in fact pursue." (*Id.* ¶¶ 23-24.) In contrast to the other three proposed counts, here Plaintiff alleges some factual detail to support her negligent misrepresentation claim – what the misrepresentation actually was and what it induced her to do. Although Plaintiff alleges that Defendants knew that their misrepresentations were false and would induce her to accept their employment, the complaint does not allege that Defendants intended to deceive her, an essential element of a fraudulent misrepresentation claim. Accordingly, Plaintiff has met Rule 8's notice pleading requirements as to her negligent, but not fraudulent, misrepresentation claim.

Defendants argue, however, that the New Mexico Workers' Compensation Act's immunity provision applies in this case to bar Plaintiff's proposed claims, and thus, amendment of any of the claims would be futile. Under the exclusivity provisions of the Act, "[n]o cause of action outside

the Workers' Compensation Act shall be brought by an employee . . . against the employer or his representative . . . for any matter relating to the occurrence of or payment for any injury . . . covered by the Workers' Compensation Act." N.M. Stat. Ann. § 52-1-6(E). Even assuming New Mexico substantive law applies, as Defendants urge, Defendants have not provided sufficient facts for the Court to find that they are entitled to the immunity provided by the Act.[5]

---

[5] The Court is not altogether convinced that New Mexico substantive law applies in this case. In a diversity case, the court applies the forum state's choice of law rules, which in this case is New Mexico. *See Trierweiler v. Croxton and Trench Holding Corp.*, 90 F.3d 1523, 1532 (10th Cir. 1996). The initial step in New Mexico conflicts analysis is to decide the area of substantive law for the particular claim or issue. *Terrazas v. Garland & Loman, Inc.*, 2006-NMCA- 111, ¶ 11, 140 N.M. 293. Here, Defendants argue that, because New Mexico was the place of contracting, New Mexico's Workers Compensation Act provides them immunity from suit. Plaintiff, in contrast, asserts that tort law controls, without specifying the state law she believes applies. The parties' arguments do not, however, take into account the Workers Compensation Act itself.

Where a plaintiff's injuries implicate the workers' compensation acts of more than one state, the court should first look to the choice of law provisions in the forum state's workers' compensation act. *Cf. Stuart v. Colorado Interstate Gas Co.*, 271 F.3d 1221, 1224-26 (10th Cir. 2001) (examining extraterritorial coverage provision of Wyoming Workers' Compensation Act to determine choice of law in negligence case filed in Wyoming by Wyoming plaintiff who was injured while performing work in Colorado). New Mexico's Workers' Compensation Act contains an extra-territorial coverage provision that provides:

> If an employee, while working outside the territorial limits of this state, suffers an injury on account of which the employee would have been entitled to the benefits provided by the Workers' Compensation Act, had such injury occurred within this state, the employee . . . shall be entitled to the benefits provided by that act; provided that at the time of such injury:
>     A. the employee's employment is *principally localized in this state*;
>     B. the employee is working under a contract of hire made in this state in employment not principally localized in *any* state; [or]
>     C. the employee is working under a contract of hire made in this state in employment *principally localized in another state whose workers' compensation law is not applicable to the employee's employer*; . . . .

N.M. Stat. Ann. § 52-1-64 (2009 Cumulative Supplement) (omitting subsections D and E that clearly do not apply here) (emphasis added). The Act explains that a person's employment is principally localized in this or another state when (1) his employer has a place of business in this or such other state and he regularly works at or from such place of business; or (2) if paragraph

Section 52-1-6 of the Act states that the Act provides "exclusive remedies." N.M. Stat Ann. § 52-1-6(E).

> Such compliance with the provisions of [the Act], including the provisions for insurance, shall be, and construed to be, a surrender by the employer and the worker of their rights to any other method, form or amount of compensation or determination thereof or to any cause of action at law, suit in equity or statutory or common-law right to remedy or proceeding whatever for or on account of such personal injuries or death of the worker than as provided in [the Act] . . . .

*Id.* § 52-1-6(D). Section 52-1-8 reiterates that "[a]ny employer *who has complied with the provisions of the [the Act] relating to insurance* . . . shall not be subject to any other liability whatsoever for . . . personal injury to any employee, except as provided in [the Act] . . . ." *Id.* § 52-1-8 (emphasis added). "If the employer fails to comply with those provisions, the worker can sue the employer either for compensation benefits or for damages in tort caused by the employer's negligence." *Peterson v. Wells Fargo Armored Servs. Corp.*, 2000-NMCA-043, ¶ 10, 129 N.M 158. *See also Arvas v. Feather's Jewelers*, 92 N.M. 89, 92 (Ct. App. 1978).

Accordingly, Defendants are only entitled to the Act's immunity if they complied with the Act's provisions relating to insurance. Under the Act, employers may either qualify as self-insured or they may purchase insurance to cover their potential liability under the Act. *Id.* ¶ 11 (citing N.M. Stat. Ann. § 52-1-4). If the employer buys insurance, the policy must make the insurer directly and primarily liable to the injured worker or his dependents. *Id.* ¶ 12 (citing N.M. Stat. Ann. § 52-1-4).

---

(1) is not applicable, he is domiciled and spends a substantial part of his working time in the service of his employer in this or such other state. *Id.* § 52-1-67(A).

None of the parties cited or discussed this extra-territorial coverage provision, and with the limited facts provided in this current round of briefing, the Court is unable to make a determination whether the Act provides for extra-territorial coverage (for example, whether ETA has a place of business in Arizona or whether Arizona's workers' compensation law is applicable to ETA). Because the Court is rejecting Defendants' argument that it is immune from suit on the grounds that they have not provided enough facts to show entitlement to immunity, the Court need not resolve the conflicts of law issue at this time.

The Act additionally contains a filing requirement:

> Every employer subject to [the Act] shall direct his insurance carrier to file, and the insurance carrier shall file, in the office of the director evidence of workers' compensation insurance coverage in the form of a certificate containing that information required by regulation of the director.

N.M. Stat. Ann. 52-1-4(A). *See also Peterson*, 2000-NMCA-043, ¶ 12. The filing requirement serves to provide notice to the worker that the employer has insurance and the name and address of the responsible insurer. *Id.* ¶ 14.

The problem for Defendants here is that they have not shown that they met the filing requirement. The only fact they provided to the Court is that they purchased workers' compensation insurance, a fact they supported by attaching the insurance policy itself. The Court, however, has no facts before it to indicate whether or not Defendants directed their insurer to file the compensation policy, or a certificate of proof, with the director of the NMWCA, and whether the insurer did in fact file it, before Plaintiff filed this tort action. Nor can this Court ignore the filing requirement. The purpose of that requirement is to give notice to workers, like Plaintiff, that a policy exists to avoid the situation the Court faces here – a worker filing a tort claim on the mistaken belief that no policy exists. For this reason, the New Mexico courts take the filing requirement very seriously, holding that the filing requirement must be satisfied before an employer is entitled to immunity. *See Peterson*, 2000-NMCA-043, ¶¶ 13-26 (concluding that granting employer summary judgment based on immunity under the Act was inappropriate because employer had not demonstrated that it had substantially complied with the Act's requirement to file proof of insurance coverage with director of the Administration); *Security Trust v. Smith*, 93 N.M. 35, 38 (1979) ("Filing proof of coverage after commencement of a tort action does not constitute substantial compliance with the requirements of § 52-1-4. Therefore, as indicated by § 52-1-8 and § 52-1-6(D),

plaintiffs are entitled to seek common law and statutory remedies other than those provided for in the Workmen's Compensation Act."). Because such a filing is a requirement of the Act, the Court cannot determine with certainty at this time whether Defendants are entitled to the Act's immunity.[6] The Court will therefore not deny Plaintiff's request to amend her complaint to add a claim for negligent misrepresentation.

**IT IS THEREFORE ORDERED** that:

1. Defendants Events & Transportation Associates, Inc. ("ETA") and Brian Clark's Motion for Summary Judgment (**Doc. 27**) is **GRANTED**;

2. Plaintiff's Opposed Motion to file First Amended Complaint (**Doc. 34**) is **GRANTED** in part and **DENIED** in part as follows:

   a. Plaintiff's request to amend the complaint to add the negligent misrepresentation claim is **GRANTED**, but

   b. Plaintiff's request to amend the complaint to add all other claims is **DENIED**; and

---

[6]Similarly, Arizona's workers' compensation immunity only applies for employers "who comply with the provisions of § 23-961 or 23-962 as to securing compensation." A.R.S. § 23-906(A). Section 23-961 likewise requires that the insurance carrier used be "authorized by the director of insurance to write workers' compensation insurance in this state." A.R.S. § 23-961(A)(1). The director cannot issue a certificate of authority until the insurer deposits with the state treasurer cash or securities. *Id.* § 23-961(D). To the extent Defendants argue that they are immune from suit under Arizona law, they have likewise failed to supply enough facts for the Court to determine that they complied with all the requisite provisions for securing compensation under Arizona law to be entitled to immunity.

3. Plaintiff's Motion to Strike Defendants' Motion for Summary Judgment (**Doc. 47**) is **DENIED**.

_____
SENIOR UNITED STATES DISTRICT JUDGE